MICHAEL C. McDONALD

v.

EDWARD G. ASAY ET AL.

*Jurisdiction—Parties—Subrogation—Practice.*

1. Subrogation does not extend to the form or forum of the remedy in a given case, where the extent of the remedy is not affected by the form or forum.

2. In a controversy involving questions arising upon a plea to the jurisdiction of the trial court by the defendants to a supplemental bill filed therein, the object thereof being to reach lands in another county where defendants reside, it being alleged that the title had been taken in the names of certain defendants in fraud of persons named, this court affirms a decree sustaining said plea and dismissing the bill in question.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon.
MURRAY F. TULEY, Judge, presiding.

Mr. L. S. HODGES, for appellant.

Mr. W. C. ASAY, for appellees.

On pages 7 and 8 of appellant's brief, he quotes largely
from Chapter 16 of " Puterbaugh's Chancery " but alas, con-
tents himself with stopping at the end of the first paragraph,
totally overlooking the three following paragraphs which are
as follows: " The principal difference between this (i. e., an
original bill in the nature of a supplemental bill) and a sup-
plemental bill, seems to be that a supplemental bill is appli-
cable to such cases only, where the same parties or the same
interests remain before the court; whereas, an original bill in
the nature of a supplemental bill, is properly applicable
where new parties, with new interests, arising from events
occurring subsequent to the institution of the suit, are brought
before the court.

" A bill of this nature is properly called an original bill in
the nature of a supplemental bill, because it is original as to
the new parties and new interests; and it is, in some sort, sup-
plemental also, as being an appendage to the former bill, as
to the old parties and old interests.

" A bill in the nature of a supplemental bill may also be
required, not only where new interests arise, either before or
after a decree, but also where relief of a different kind, or
upon a different principle, is required from that in the origi-
nal decree."

Of course it must be, as it is, conceded, that if this bill is,
or ought to be, taken as an original bill in the nature of, but not
a supplemental bill, then appellees had a perfect right to
make a new defense, including any plea to the jurisdiction or
abatement, or any other defense.

The authorities are fully given in support of the doctrines
laid down in the three above quoted sections of Puterbaugh,
and therefore I refrain from repeating them here.

Emma O. Asay and Margaret J. Asay are new parties; their

McDonald v. Asay.

interests are new; this "supplemental" bill requires a different kind of relief, and upon a different principle from that in the original decree.

On pages 3, 4 and 5 of his brief, appellant's counsel has discussed at great length the legal right of McDonald, after paying the original decree, to be substituted in the place of the original complainants, and endeavors to prove that McDonald is entitled to succeed to all the rights and privileges of complainants. Even were this true in this case, yet, upon the face of the "supplemental" bill itself, I have failed to find a single allegation which tends to show but what the complainants knew all about the alleged "fraudulent" purchase of land long before the original decree was entered, yea, even before the suit may have been begun. It is thus seen that even if Edward G. Asay alone were sought to be proceeded against, and even if the land in question were in his very name, that yet this bill on its face shows that it could not be maintained in view of the plea.

The discussion of these various propositions might be prolonged and possibly of great interest, but they have no clear bearing upon this case or the point at issue.

The appellees are residents of Ogle county; the land in question is entirely in Ogle county; the "supplemental" bill tries to include new parties; the "supplemental" bill proceeds on a different principle from the original bill.

This proceeding, therefore, should have been begun as either an original bill or "an original bill in the nature of a supplemental bill," and in either case, it is conceded, appellees had the right to plead to the jurisdiction.

GARY, J.  The questions in this case arise upon a plea to the jurisdiction of the Circuit Court of Cook County, filed by the defendants and appellees, Edward G. Asay, Emma O. Asay and Margaret J. Asay, to a supplemental bill filed in that court against them by the complainant and appellant, Michael C. McDonald, the object of which is to affect lands in Ogle county in this State, where the defendants all reside. The form of the plea is not questioned.

This bill shows a former decree in the original cause by
which Marshall J. Allen and others as creditors of the firm of
Gage & Rice, recovered against Edward G. Asay as assignee
of that firm, for the benefit of creditors, $2,820 and costs,
from which decree Asay appealed, with McDonald as surety
on the appeal bond; affirmance of that decree; suit upon the
appeal bond; judgment thereon against McDonald and pay-
ment by him of the judgment.

McDonald then sued out an execution upon the original
decree, directed to the sheriff of Ogle county, and caused it
to be levied upon the land there, the title to which is in the
said Emma and Margaret. Their title is attacked upon the
ground of fraud as to persons having claims upon Edward G.
Asay.

If this were simply a bill in aid of an execution issued out
of the Circuit Court of Cook County, and levied upon land in
Ogle county, and the parties defendant all residing there, the
Circuit Court of Cook County would have no jurisdiction.
Sec. 3, " Chancery," R. S.

In Johnson v. Gibson, 116 Ill. 294, the principal defendants
seem to have been residents of the county where the suit in
aid of an execution was brought.

But the theory of this supplemental bill is, first, that the
land in Ogle county was bought by Edward G. Asay with
the trust funds in his hands as assignee of Gage & Rice, and
the title taken in the name of the female defendants in fraud
of the creditors of Gage & Rice, who therefore, as the bene-
ficiaries of the trust created by the assignment, had the right,
in equity, to follow those funds so far as they could be traced,
into any property in which they had been invested, unless in
the hands of a *bona fide* purchaser without notice, and subject
that property to the satisfaction of their claims; second,
that this right might, by Allen et al., original complainants,
have been enforced by supplemental bill, filed either before
or after a decree in the original suit; third, that such sup-
plemental bill would have been a continuation of, and the juris-
diction over it sustained, by the jurisdiction over the original
suit; and lastly, that McDonald, by paying as surety on the

appeal bond for Edward G. Asay, the decree of Allen et al. against him, is subrogated, or has the right in equity to be subrogated, to every right and remedy which Allen et al. could enforce against anybody for the satisfaction of that decree.

All these points may be conceded to the appellant, and the question remains whether the right of Allen et al. to seek their remedy against the land in Ogle county by a supplemental bill in the original suit is anything of value to the appellant, if he were subrogated to it. The new parties brought in are not bound by anything decided before they were brought in. As to them the whole case, from the indebtedness of Gage & Rice to Allen et al. down, must be proved anew. Our ingenuity has failed to find any benefit to the appellant by such subrogation that the law can recognize. It may be more convenient to the appellant to prosecute in Cook county than in Ogle county. It may be easier for him, or less expensive to have the services of the counsel of his choice. These are considerations that the law can not notice.

No authority has been cited, nor have we been able to find any, that holds that subrogation extends to the form or forum of the remedy, where the extent of the remedy is not affected by the form or forum.

Whether appellant shall seek his remedy by original or supplemental bill, is but form. The forum is fixed by statute, having regard to the convenience of parties, and notice to the world of matters affecting the title of real property. The right of Allen et al. stood upon a rule of equity pleading, which has no application to the appellant. His becoming surety for Edward G. Asay, and compulsory payment by him, is all foreign to the original controversy. It is more disconnected from it than the new matter sought to be brought in by supplemental bill in Omaha Ry. v. Cable Co., 33 Fed. R. 689, where a question of Federal jurisdiction was involved, and the jurisdiction denied.

The decree of the Circuit Court, sustaining the plea and dismissing the bill, is affirmed.

*Decree affirmed.*